**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

THERESA G. KRISTEK,
                    Appellant,

                v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                    Agency.

DOCKET NUMBER
SF-0752-15-0574-I-1

DATE: March 10, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Sam L. Maze, Highland, California, for the appellant.

La'Chelle M. Woodert, Esquire, Loma Linda, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board 's case law.  *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2 The appellant, a preference-eligible veteran, was granted disability retirement from the GS-4 position of File Clerk on the basis of post-traumatic stress disorder (PTSD), chronic migraines, fibromyalgia, and other conditions. Initial Appeal File (IAF), Tab 7, Subtabs 4G, 4U. She appealed, alleging that her retirement was involuntary and that the agency discriminated against her on the bases of disability and age, and retaliated against her for prior equal employment opportunity activity.[2] IAF, Tabs 1, 3. The administrative judge gave the appellant notice of the test to prove jurisdiction over an allegedly involuntary disability retirement and notice of the general jurisdictional test to prove jurisdiction over an allegedly involuntary retirement. IAF, Tab 2.

¶3 Based on the submissions of the parties, the administrative judge found that the appellant failed to make a nonfrivolous allegation of jurisdiction under the test to prove that her disability retirement was involuntary. He found that, once the appellant and her physician identified the need for accommodation, the agency complied by scheduling the appellant to work between 6 a.m. and 2:30 p.m., and moving the appellant to an area of the office where she could have a cubicle with a door to reduce excessive contact with others, as recommended by her physician. IAF, Tab 10, Initial Decision (ID) at 11. He also found that the appellant failed to make a nonfrivolous allegation that the agency unjustifiably failed to afford the appellant her preferred accommodation of removing her supervisor from his office and then transferring her into that office, which was an accommodation beyond that recommended by her physician. ID at 12.

---

[2] The appellant filed an equal employment opportunity complaint on December 18, 2013, that included her claim that the agency coerced her disability retirement. The complaint was accepted as a claim of hostile work environment. IAF, Tab 7, Subtab 3. The agency completed the investigative report on April 28, 2014. *Id.* The record does not show that the agency has issued a final decision on the appellant's equal employment opportunity complaint.

¶4    The administrative judge also found that, even if the Office of Personnel Management had not granted the appellant's application for disability retirement, the appellant failed to make a nonfrivolous allegation of jurisdiction under the general test for involuntary retirement.  He found that the appellant failed to make a nonfrivolous allegation that the agency misled her, deceived her, or created intolerable working conditions that forced her to retire.  He found that the appellant failed to show that the agency's notice of proposed removal based on absence without leave (AWOL) could not be substantiated.  ID at 13.  He also found that the appellant had once cancelled her request for disability retirement, and she failed to show that the agency coerced her rescission of the cancellation because she was well aware that she could cancel the rescission.  ID at 13.

¶5    Finally, the administrative judge found that, to the extent that the appellant alleged unlawful discrimination and retaliation in this appeal, because she has not raised an otherwise appealable action, the Board has no jurisdiction to address these allegations.  ID at 14.

¶6    In her petition for review,[3] the appellant alleges that the administrative judge erred in finding that the agency had accommodated her disability, and failed to consider that the agency had accommodated the appellant for 12 years, but withdrew that accommodation.  Petition for Review File, Tab 1.[4]  The

---

[3] Attached to the appellant's petition for review is a copy of the response to the acknowledgment order that she submitted into the record below.  Evidence that is already part of the record is not new, and the Board will not consider the submission on that basis.  *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).  The Board will consider this evidence as part of its review of the record on petition for review.

[4] The appellant asserts that the administrative judge was biased because the appellant's representative had asked the administrative judge to recuse himself in a prior case.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."

appellant's assertion that the administrative judge failed to consider the agency's prior accommodation of the appellant's disability is correct, and, as explained below, his failure is error that necessitates remand of the appeal.

¶7   A retirement is presumed to be voluntary and therefore outside the Board's jurisdiction.  *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007).  An involuntary retirement, however, is equivalent to a forced removal within the Board's jurisdiction under chapter 75.  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc).  If an appellant makes nonfrivolous allegations of jurisdiction, i.e., allegations that, if proven, would establish the Board's jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence.  *Id.* at 1344; *Goodwin v. Department of Transportation*, 106 M.S.P.R. 520, ¶ 12 (2007).  In determining whether the appellant has made a nonfrivolous allegation, the Board may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive.  *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶8   Generally, an appellant who claims that a retirement was involuntary may rebut the presumption of voluntariness in a variety of ways, for example, by showing that the retirement was the result of misinformation or deception by the agency, intolerable working conditions, or the unjustified threat of an adverse action.  *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011).

---

*Bieber v. Department of the Army*, 287 F.3d 1358, 1362–63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  We find that the appellant's allegations of bias do not meet this standard.  The appellant has identified no statement or action by the administrative judge to suggest that he was biased against the appellant's representative because of the representative's actions during another case before the administrative judge.

However, the Board has recognized that involuntary disability retirement cases are somewhat different from ordinary involuntary retirement appeals. In most cases, an appellant who alleges that her disability retirement was involuntary must show: (1) she indicated to the agency that she wished to continue working, but that her medical limitations required a modification of her work conditions or duties, i.e., accommodation; (2) there was a reasonable accommodation available during the period between the date on which she indicated to the agency that she had medical limitations but desired to continue working and the date that she was separated that would have allowed the appellant to continue working; and (3) the agency unjustifiably failed to offer that accommodation. *Id*., ¶ 15.[5]

¶9        Contrary to the initial decision, we find the appellant has made nonfrivolous allegations under the *SanSoucie* test sufficient to entitle her to a hearing on the question of whether her disability retirement was voluntary. The appellant alleged that the agency had accommodated her disability for 12 years by allowing her to work in a quiet area, "away from other staff, as requested by her medical provider." IAF, Tab 3 at 10. That the appellant was afforded the accommodation that she references is corroborated by her third-line supervisor during the investigation into the appellant's equal employment opportunity complaint when he stated that "previous reasonable accommodation was provided. . . . A cubicle in the very back part of the building, in a very quiet section of the file room." IAF, Tab 7, Subtab 4E at 4. The third-level supervisor stated that the appellant "accepted that cubicle with no problem." *Id*. It appears that this accommodation was afforded the appellant in 2001 pursuant to a statement from her physician

---

[5] In unusual cases, the Board has applied the general jurisdictional tests for involuntary retirement in the disability retirement context. *See, e.g.*, *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 493, ¶¶ 13–14 (2011) (finding that the appellant nonfrivolously alleged that he was coerced into retirement because the agency's conduct in creating a discriminatory, hostile work environment caused him to be disabled). This exception is not relevant here. There is no evidence that the agency caused the disabilities that led to the appellant's disability retirement.

that "high levels of direct contact with people has brought the crowding, noise, and other factors that currently are detrimental [to the appellant]." IAF, Tab 4, Subtab B. The accommodation afforded the appellant in 2001 was consistent with the work restriction request from her mental health providers in 2013 that, as an accommodation to her chronic PTSD, she work "by herself with objects and data and with minimal contacts with people." *Id*., Subtab C. In fact, the 2013 request for accommodation by the appellant's health care providers references the language in the 2001 request for accommodation and repeats some of it verbatim. *Id*., Subtab F.

¶10     For unexplained reasons, in April 2013, the appellant's third-line supervisor stopped the accommodation that had been effective for the appellant for 12 years, and the appellant filed a formal request for disability accommodation. IAF, Tab 4, Subtab D. The agency approved the 2013 accommodation request. *Id*. As the administrative judge found, the agency attempted to comply with the request for accommodation by scheduling the appellant to work between 6 a.m. and 2:30 p.m., and moving the appellant to an area of the office where she could have a cubicle with a door to reduce excessive contact with others. However, this accommodation proved ineffective as reflected in the appellant's treating physicians' off-work orders that covered the period from October 15, 2013, through August 11, 2014. IAF, Tab 7, Subtabs 4D, 4I, 4K-4L, 4N-4Q, 4S.

¶11     In April 2014, the appellant applied for disability retirement. *Id*., Subtab 4I. However, on June 25, 2014, she rescinded her application. *Id*., Subtab 4R. The agency was aware that the appellant cancelled her application, as proven by the fact that, upon her cancellation, the agency changed her leave status from leave without pay (LWOP) to AWOL.[6] IAF, Tab 4, Subtab K. In her

_____

[6] During the period of time from August 2013, when the appellant claimed that the agency's attempted accommodation was ineffective, to April 2014, when she applied for disability retirement, the appellant was absent from work on approved and donated leave.

rescission letter, the appellant stated that she did not want to retire and that her facility was discriminating against her by not providing a reasonable accommodation for her disability. IAF, Tab 7, Subtab 4R. Further, the medical evidence in the record indicates that the appellant was capable of working full time if the agency provided the accommodation that had been previously provided. IAF, Tab 4, Subtabs F, H. We find that, under these circumstances, the appellant made a nonfrivolous allegation that if proven would satisfy the first prong of the test to establish that a disability retirement is involuntary, i.e., that she indicated to the agency that she wished to continue working, but that her medical limitations required a modification of her work conditions or duties, i.e., accommodation. *See SanSoucie*, 116 M.S.P.R. 149, ¶ 15.

¶12 Further, as noted, there had been an effective accommodation for the appellant for 12 years, and the agency failed to explain why that accommodation was unavailable. There appears therefore to have been a reasonable accommodation available during the period between the date on which the appellant reiterated to the agency that she had medical limitations but desired to continue working and the date that she was separated that would have allowed the appellant to continue working. Thus, we find that the appellant made a nonfrivolous allegation that satisfied the second prong of the test to prove that her disability retirement was involuntary. *Id.*

¶13 As the agency has offered no explanation for ending the accommodation that had been successful for the appellant for 12 years, we find that the appellant nonfrivolously alleged that the agency unjustifiably failed to offer that accommodation. *See De John v. U.S. Postal Service*, EEOC DOC 07A20030, 2004 WL 1084818, at *5 (May 10, 2004) (holding that the agency committed disability discrimination when it withdrew the reasonable accommodation that allowed the appellant to perform the essential functions of his position). Thus, the appellant made a nonfrivolous allegation that satisfied the third prong of the test for involuntary retirement. *See SanSoucie*, 116 M.S.P.R. 149, ¶ 15. Because

the appellant's allegations, taken as true, could support a finding that her disability retirement was involuntary, she is entitled to a jurisdictional hearing.[7] *Cf. Atkins v. Department of Commerce*, 81 M.S.P.R. 246, ¶¶ 9–11 (1999) (remanding the appeal to give the appellant an additional opportunity to establish that his disability retirement was involuntary based on allegations that he applied for retirement, not because he wanted to retire, but to force the agency to reassign him to a less stressful and physically-demanding position that would not aggravate his underlying condition).

---

[7] The record shows that, in April 2014 when the appellant applied for disability retirement, she had exhausted her leave, and the agency carried her in LWOP status while her application was pending. However, when the appellant withdrew her application, the agency placed the appellant in AWOL status, notwithstanding that her physicians had certified that she was incapacitated for duty during that period of time, IAF, Tab 4, Subtab H, and proposed her removal on that basis, *id.*, Subtab K. As noted, the administrative judge found that the appellant failed to make a nonfrivolous allegation of jurisdiction under the general test for involuntary retirement, finding in part that the appellant failed to show that the agency's notice of proposed removal based on AWOL could not be substantiated. ID at 13. We do not reach the issue of whether the appellant made a nonfrivolous allegation of involuntary retirement under the general test, and thus do not make any determination whether the agency's placing the appellant in AWOL status after she rescinded her application for disability retirement could be substantiated. *See Wesley v. U.S. Postal Service*, 94 M.S.P.R. 277, ¶ 18 (2003) ("A charge of AWOL will not be sustained if the appellant presents evidence to the Board showing that he was incapacitated for duty during the relevant time period."); *Murray v. Department of the Navy*, 41 M.S.P.R. 260, 263 (1989) (discussing that, in cases involving medical excuses, the Board will examine the record as a whole to determine whether the agency's denial of LWOP was reasonable under the circumstances).

**ORDER**

¶14     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.